# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:08-cv-474

| | |
|---|---|
| JOE H. METCALF, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>)<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act. [Doc. 11].

## I. PROCEDURAL HISTORY

The Plaintiff Joe H. Metcalf initiated this action on October 3, 2008, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. On March 23, 2010, the Court entered an Order remanding the matter to the agency under Sentence Four of 42 U..S.C. 405(g).[Doc. 16].

The Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $3102.50. [Doc. 18]. In response, the Government states that it will not oppose the amount of $3102.50 for attorneys' fees being awarded payable to the Plaintiff, in full and final settlement of any and all claims filed by the Plaintiff pursuant to the EAJA. [Doc. 19].

II.  **ANALYSIS**

Under the EAJA, the Court must award attorneys' fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was

substantially justified or that special circumstances exist that would render an award of attorneys' fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorneys' fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Under the EAJA, an award of attorneys' fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). In the present case, the Plaintiff seeks an award of $3102.50 in attorneys' fees. In support of this request, the Plaintiff

3

submits an itemization of the hours claimed by counsel to be related to this case. [Doc. 18-1]. Counsel's submission demonstrates, and calculates to, an hourly rate of $125.00 per hour. Counsel neither seeks nor offers evidence supporting an increase over the statutory minimum $125.00 to the "prevailing market rates for the kind and quality of the services furnished," nor does he contend that an hourly rate in excess of $125 per hour is necessary due to "an increase in the cost of living" or some "special factor." Id. Because the rate sought by Plaintiff is allowable, that rate is allowed.

The Plaintiff also claims fees for paralegal services performed at the hourly rate of $65.00 per hour. Though Plaintiff has not offered evidence that the claimed hourly rate for this work is in keeping with "prevailing market rates" for paralegals in this District, See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008), the Court notes that it has recently held as reasonable, a paralegal rate of $65.00 per hour. Thus, that rate is allowed.

However, upon careful review of counsel's time submission and the materials presented to this Court the time for which is documented in that submission, the Court finds that the number of hours claimed by the Plaintiff's attorney and paralegal staff is excessive.

Plaintiff seeks 4.0 attorney hours and 2.5 paralegal hours for review of the transcript; 6.5 hours total. The Court notes that the transcript was quite lengthy in this matter, and concludes that the hours for review thereof are reasonable.

Plaintiff then seeks 3.5 attorney hours and 6.0 paralegal hours for preparation of his Motion for Summary Judgment and Memorandum of Argument. Plaintiff's Motion for Summary Judgment is a standard two-sentence pro forma motion, and his Memorandum of Argument is 6 pages including the certificate of service. In general, the Court appreciates brevity. However, within those six pages, he includes only one and one-half pages of facts derived from that transcript, states his assignments of error in support thereof and desired relief in one-half page, offers no supporting argument, and cites only one case relating to the substantive issues he raised. The claimed total of 9.5 hours of work on the Motion and Memorandum is not demonstrated in the result. The Court in its discretion allows 1.25 attorney hours and 2.75 paralegal hours for preparation of his Motion for Summary Judgment and Memorandum of Argument.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the

Social Security Act [Doc. 18] is hereby **GRANTED**, and the Plaintiff is hereby awarded $2,460.00 in attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: April 30, 2010

Martin Reidinger
United States District Judge